APPLETON, C. J., KENT, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.

---

## STATE *versus* SANFORD DELANO.

The payment of the U. S. revenue tax upon intoxicating liquors of domestic manufacture, together with a license from the U. S. collector, will not justify the sale of such liquors in this State, in violation of the laws thereof.

ON EXCEPTIONS.

Indictment for being a common seller of intoxicating liquors.

Respondent put in his license to sell.

Plea not guilty. The jury found a general verdict of guilty, and specially that the "ale and whiskey sold by the respondent were manufactured in the United States, and that the U. S. revenue tax had been paid on them."

The presiding Judge held that the license and payment of the revenue tax constituted no defence, and the defendant alleged exceptions.

*A. P. Gould*, in support of the exceptions.

The payment of the duty imposed by the U. S. statute, 1864, by the defendant, as the jury have specially found, gave him the right to dispose of the property. *Brown* v. *State of Maryland*, 12 Wheaton, 419, 442; 7 Curtis, 262. See Constitution of U. S., art. 1, § 8, (1.) Internal Revenue Act, June 30, 1864, §§ 55, 64.

This statute was passed since the Maine Liquor Law, and, as the Congress of the U. S. had paramount authority, the Act of 1864 supersedes the State law.

The State has no power to prohibit absolutely, the party, who has paid the duty of the U. S. government upon a commodity in his possession, from disposing of it.

It does not appear that the form of the packages had been changed after the payment of the duty. So far as it appears they were in the same condition at the time of sale, as when the duty was paid by him. If he sold them at all, he would become a common seller. To bring the case within the exception of *Brown* v. *Maryland*, the State should have shown that the packages had been broken and become mingled with the general goods of the State.

*J. A. Peters, Attorney General*, contra.

WALTON, J.—The question is whether payment of the United States excise tax, and a license from the United States internal revenue collector, will justify the sale of intoxicating liquors of domestic manufacture, in this State, in violation of the laws thereof.

For the defendant, it is contended that the State has no power to prohibit absolutely the sale of a commodity by one who has paid the United States excise tax upon it.

We hold otherwise. The revenue laws of the United States expressly provide, that no license shall, if granted, be held to exempt any person carrying on the business specified in the license, from any penalty or punishment provided by the laws of any State, for carrying on such business within such State. Is it reasonable to suppose that the pay-

ment of an excise tax will create an exemption from State penalties, when an express license to do an act will have no such effect? We think not. Neither the payment of the United States excise tax, nor a license from the United States internal revenue collector, will justify the sale of intoxicating liquors, in this State, in violation of the laws thereof. It was never the intention of Congress that the revenue laws should have any such effect. The sole purpose was to raise revenue, not to interfere with or control the domestic affairs of the States. (See 10 Allen, 200.)

*Exceptions overruled. — Judgment for the State.*

APPLETON, C. J., KENT, DICKERSON, BARROWS and DANFORTH JJ., concurred.