THE STATE v. LILLARD, *Appellant.*

**Dramshops**: "BITTERS:" UNITED STATES GOVERNMENT LICENSE. It is an offense against the Dramshop Act for a person not having a license as a dramshop keeper to sell as a beverage, and not for medicinal purposes, "bitters," compounded in part of intoxicating liquor; and it does not matter that an excise tax has been paid on them to the government of the United States, and that the act of congress does not require one dealing in them to have a license as a liquor dealer.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Knott & Gamble* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

RAY, J.:—This was an indictment in the Schuyler circuit court for unlawfully selling intoxicating liquors, in quantities less than one gallon, without taking out a license as a dramshop keeper, and without having any license or legal authority so to do. The indictment was found at the March term, 1879, for a sale made in February preceding. The defendant pleaded not guilty. A trial was had before a jury, and the plaintiff, to sustain the issues on its side, offered evidence tending to show that the defendant in July,

1878, sold to certain persons a "compound," of which intoxicating liquor was a part, as a beverage. The defendant also offered evidence in his behalf tending to prove that the compound sold, in this case, was a "bitters" composed of different medicines, authorized and stamped by the United States to be sold as a "bitters"—the same being a proprietary medicine—that the United States did not require the dealer to have a license as a liquor dealer to sell the same. This was all the evidence.

The court gave for the plaintiff several instructions to the effect that if the defendant unlawfully sold intoxicating liquors, in less quantities than one gallon, he was guilty, unless he believed, in good faith, the same was for medicinal purposes, and needed as such; that if defendant sold "bitters" of which whisky was a component part, and intoxicating, then the defendant is guilty, unless the same was sold for medicinal purposes and not as a beverage; that a United States government license does not authorize the defendant to sell "bitters" or intoxicating liquors in violation of the laws of the State.

The defendant asked an instruction to the effect that if the article sold, in this case, was a "bitters" put up by the defendant, and authorized and stamped by the United States as a medicine, then the jury must acquit, although said bitters contained liquor and was intoxicating; which the court refused to give.

The defendant was found and adjudged guilty; and after unsuccessful motions for new trial and in arrest of judgment, appealed to this court. The sole question is, did the court err in refusing the above instruction, asked by the defendant, or giving the converse thereof for the State.

The statute law of this State, in force at the date of the above indictment and sale, makes it a criminal offense for any person to sell intoxicating liquors, in any quantity less than one gallon, without a license for that purpose. 1 Wag. Stat., 549, § 2, chap. 48. The 27th section of the same chapter, page 554, also declares "That the term 'in-

toxicating liquors,' as used in this chapter shall be construed to mean fermented, vinous and spirituous liquor, or any composition of which fermented, vinous or spirituous liquor is a part, and all the foregoing provisions shall be liberally construed as remedial in their character." Yet, the foregoing instruction, asked by the defendant, asserts the proposition that if the article sold in this case was a bitters put up by the defendant and authorized and stamped by the United States as a medicine, then the jury must acquit, although said bitters contained liquor and was intoxicating. Such, manifestly, is not the law.

It has been expressly held elsewhere, that neither the payment of the United States excise tax, nor a license from the United States Internal Revenue Collector, will justify the sale of intoxicating liquors in violation of the laws of a state. In the case of the *State v. Delano*, 54 Me. 501, this doctrine is distinctly announced. So, also, in the case of *McGuire v. Commonwealth*, 3 Wall. 387, the Supreme Court of the United States held that a license granted by the United States, under the Internal Revenue Act of July 1st, 1862, to carry on the business of a wholesale liquor dealer, in a particular state named, does not, although it has been granted in consideration of a fee paid, give the licensee power to carry on the business in violation of the state laws forbidding such business to be carried on within its limits. The doctrine of these cases is applicable to the case at bar, and correctly states the law of this case.

For these reasons the judgment of the circuit court is affirmed. All concur.